IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 4:18-cr-00012 |
| ) | |
| DASHAWN ROMEER ANTHONY ) | |
| *Et al.* ) | |

## UNITED STATES' NOTICE OF ADDITIONAL DISCOVERY

The United States respectfully provides this notice to the Court of additional discovery items provided to Discovery Counsel on May 20, 2019. The contents of that discovery and the grounds for this Notice are as follows:

1. This Court ordered the government to "substantially complete all pretrial discovery by April 1, 2019." Third Amended Scheduling Order, ECF No. 275, ¶ 2. As the Order reflects and this Court has recognized orally at various status hearings, criminal discovery can be an ongoing process. Even though the Order does not require *all* discovery by the April 1 deadline, the government has treated the Order as if it did, and worked to disclose all discovery and *Jencks* materials before that date. Some of those efforts have been discussed at prior hearings. *E.g.,* Minute Entry, ECF Nos. 136, 200.

2. As detailed in a prior Notice of Additional Discovery, on April 4, 2019 (ECF No. 294), the United States provided what it believed to the last of its discovery and had repeatedly been assured by the Federal Bureau of Investigation that the discovery was complete. Despite these representations, the United States has made supplemental discovery disclosures to Discovery

1

Counsel after the April 1 deadline and has provided notice to the Court of these supplemental filings. To assure the Court that it believed discovery was now complete, at the last hearing the United States requested the appearance of the FBI Senior Supervisory Special Agent responsible for this investigation.

3. The FBI has now located additional discovery. These materials were turned over to Discovery Counsel on May 20, 2019. The FBI has again assured the United States Attorney's Office that it has provided all discovery to it. At the Court's (or defense counsel's) request, the United States can arrange for the FBI Senior Supervisory Special Agent to attend the June hearing.

4. The additional discovery includes the following materials:

   a. The United States had previously disclosed a videotaped post-arrest interview of Defendant Kevin Trent. In preparing for trial, the FBI learned that it had not disclosed a second disc containing the final eighteen minutes of that interview. The FBI has now provided that missing disc.

   b. As disclosed orally at the last hearing, the FBI was able to unlock a cellphone seized from Defendant Phillip Miles at his arrest on June 14, 2018. A copy of the contents of that cellphone is included in Production 15. This data extraction represents, by size, almost the entirety of the Production.

   c. A copy of an interstate nexus report attached to a FBI PD-302 report. The interstate nexus report was previously disclosed to the defendants, but is now re-disclosed as an attachment. The cover report contains no substantive content.

d. Miscellaneous administrative documents generated by the FBI's evidence custodians. As pure administrative materials, these documents are technically not discovery but are disclosed as part of the United States' virtually "open file" discovery stance in this case.

5. In addition, in preparing trial exhibits and expert notices, the United States has learned that it did not possess the entirety of the files from the ballistic expert from the Virginia Department of Forensics. Part of those files have previously been disclosed. Five new documents are contained in Production 15. The United States anticipates receiving the final missing documents in the next week and will disclose them immediately to Discovery Counsel. The release of these documents almost five months before trial does not prejudice the defendants, who have previously received ballistics records indicating the expert's conclusions (e.g., that some of the ballistic evidence in various shootings matches ballistic evidence in other shootings believed to have been committed by the defendants). These additional materials simply support and further detail that evidence.

6. Other than the missing ballistics documents, which will be disclosed as soon as possible, the United States has again been assured by the FBI that all discovery has been provided. As has been its policy, the government will alert the Court by similar notice of any additional discovery. Again, the United States believes all discovery has been provided other than what is noted.

WHEREFORE, the United States hereby respectfully provides the Court with notice of additional discovery.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:   434.293.4283
Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov

DATED: May 21, 2019

# **C E R T I F I C A T E**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 21st day of May, 2019.

s/Heather L. Carlton

4