IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

**UNITED STATES OF AMERICA,**

v.                                                    **Docket No.: 4:18CR12**

**TREDARIOUS JAMERIQUAN KEENE,**
**MONTEZ LAMAR ALLEN,**
**JAVONTAY JACQUIS HOLLAND, and**
**JALEN COMARRIUS TERRY,**
     **Defendant.**

## FIRST MOTION TO EXCLUDE IRRELEVANT EVIDENCE

COMES NOW, Javontay Jacquis Holland and his fellow codefendants, by and through their respective counsel, and move this Honorable Court to exclude irrelevant evidence pursuant to Federal Rules of Evidence 401, 402, and 403.

**A.**     **Relevant Background.** Mr. Holland and his three remaining codefendants stand charged with various firearm, violent crime and racketeering offenses for which if convicted, all but Mr. Terry face mandatory life imprisonment without parole, and all four face other additional and significant penalties. The gist of the allegations in the Indictment complain that while acting on behalf of a racketeering enterprise known as the Millas (a set of Bloods), on August 20, 2016 Mr. Holland and his codefendants mistakenly shot and killed Christopher Motley and shot at, but missed, Justion Wilson. The Indictment alleges that the Millas acted in conjunction with the Rollin 60s (a set of Crips) in engaging in this particular shooting by "tying the flag" on or about August 20, 2016. However, the Indictment does not allege that the Crips are separate racketeering enterprise, nor are the Crips and Bloods together alleged to be a racketeering enterprise in and of itself.

In its proposed witness and exhibit lists, the United States identifies certain witnesses and exhibits that relate to shootings involving no alleged Millas, nor relating to their alleged mission as a racketeering enterprise. Accordingly, Mr. Holland and his codefendants move for entry of an order *in limine* excluding testimony and evidence relating to these unrelated events.

B. **Irrelevant Events to be Excluded at Trial.** EXHIBIT I is the United States' witness list. EXHIBIT II is a reconfiguration of the identified civilian witness for purposes of clarity in considering this motion. EXHIBITS are being emailed to counsel and the Court separately and not being made part of the public record.

1. **Sunset Drive Shooting - December 8, 2015.** The United States identifies four witnesses to testify regarding this event. This event occurred over half a year prior to the alleged "tying of the flag" and outside of the scope of the events alleged in the Indictment. The suspect list provided in discovery includes none of the codefendants in the case at bar nor any alleged relationship with the purported Milla organization. Accordingly, any testimony or evidence as to the same would violate Rules 401 and 402 and is excludable pursuant to Rule 403. Therefore, Mr. Holland and his codefendants respectfully move this Honorable Court to exclude testimony and other evidence relating to the December 8, 2015 Sunset Drive shooting.

2. **Garland Street Shooting - April 26, 2016 & Berryman Street Shooting - April 27, 2016.** The United States identifies five witnesses to testify regarding the Garland Street shooting and two witnesses to testify regarding the Berryman Street shooting. These two events occurred approximately four months prior to the alleged "tying of the flag" and outside the scope of the events identified in the Indictment. Mr. Holland is unaware that he or any codefendant or even any alleged Milla is suspected to have been involved in either of these

shootings. Accordingly, any testimony or other evidence as to either event would violate Rules 401 and 402 and is excludable pursuant to Rule 403. Therefore, Mr. Holland and his codefendants respectfully move this Honorable Court to exclude testimony and evidence otherwise relating to the April 26, 2016 Garland Street and the April 27, 2016 Berryman Street shootings.

**3.     Calquhoun Street Shooting - August 24, 2016.**  The United States identifies one witness regarding this event. This shooting is outside the scope of the matters alleged in the Indictment. Mr. Holland is unaware that he or any codefendant or even any alleged Milla is accused of having been involved in this shooting. Accordingly, any testimony or evidence as to the same would violate Rules 401 and 402 and is excludable pursuant to Rule 403. Therefore, Mr. Holland and his codefendants respectfully move this Honorable Court to exclude testimony and evidence otherwise relating to the August 24, 2016 shooting on Calquhoun Street.

**4.     Paragraphs 3, 4, 7, and 8 of the Indictment.**  Should the United States argue that these paragraphs sufficiently call for the inclusion of this evidence; it ignores the fact that none of these codefendants participated in these shootings. Accordingly, they remain irrelevant to the trial of these individuals.

**C.     Governing Federal Rules of Evidence.**  The witnesses and exhibits identified by the United States far exceed the scope of the allegations set forth in the Indictment. The four shootings described above involve no criminal activity on the part of Mr. Holland or any of his codefendants. To permit their introduction simply sets the stage for a fear, rather than fact, based finding by the jury. To admit such evidence ignores Messrs. Keene's, Allen's, Holland's and

Terry's lack of involvement and can only serve to scare and prejudice jurors into reaching unjust convictions in the case at bar.

Rule 401 of the Federal Rules of Evidence provides that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The events described in this First Motion to Exclude Irrelevant Evidence fail to meet either prong of Rule 401. Rule 402 provides that "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. **Irrelevant evidence is not admissible.**" (emphasis added). Rule 401 precludes the admission of evidence of the events described herein. Rule 402 precludes the admission of the irrelevant events described herein. Rule 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." To admit the proffered evidence will cause all of these things other than the last.

**D.      Conclusion.** For the reasons stated herein, Javontay Jacquis Holland and his codefendants, by and through their respective counsel, respectfully move this Honorable Court to exclude any and all testimony and evidence otherwise relating to the four shootings identified herein.

                                            Respectfully submitted,
                                          **JAVONTAY JACQUIS HOLLAND**

                                          By:_____/s/_____

Jacqueline M. Reiner, Esquire
VSB No.:  41829
*Counsel for Defendant Javontay Jacquis Holland*
JACQUELINE M. REINER, PLLC
5600 Grove Avenue
Richmond, Virginia 23226
T:	804.285.3888
F:	804.285.7779
reiner@reinerlawfirm.com

Thomas J. Bondurant, Esquire
VSB No.:  18894
*Counsel for Defendant Javontay Jacquis Holland*
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022-0013
T:	540.983.9300
F:	540.983.9400
bondurant@gentrylocke.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2019 I electronically filed the foregoing First Motion to Exclude Irrelevant Evidence with the Clerk of Court using the CM/ECF system which will send a NEF to:

Ron Huber, Managing Assistant United States Attorney
Heather Carlton, Supervising Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
U.S. Courthouse and Federal Building
255 West Main Street, Room 130
Charlottesville, Virginia 22902
T: (434) 293-4283
F:  (434) 293-4910
Ron.Huber@usdoj.gov
Heather.Carlton@usdoj.gov
Counsel for the United States of America

_____/s/_____
Jacqueline M. Reiner
Counsel for Javontay Jacquis Holland