**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4609

UNITED STATES OF AMERICA,

        Plaintiff - Appellant,

  v.

TREDARIUS JAMERIQUAN KEENE, a/k/a Bubba, a/k/a Bubs; MONTEZ LAMAR ALLEN, a/k/a Doc Milla; JAVONTAY JACQUIS HOLLAND, a/k/a Tay, a/k/a Reckless; JALEN CORMARRIUS TERRY, a/k/a Fats,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Michael F. Urbanski, Chief District Judge. (4:18-cr-00012-MFU-RSB-3; 4:18-cr-00012-MFU-RSB-4; 4:18-cr-00012-MFU-RSB-5; 4:18-cr-00012-MFU-RSB-8)

Argued: January 31, 2020                                          Decided: April 9, 2020

Before KEENAN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Reversed and remanded by published opinion. Judge Keenan wrote the opinion, in which Judge Harris and Judge Quattlebaum joined.

**ARGUED:** Michael Andrew Baudinet, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellant. Paul Graham Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellees. **ON BRIEF:** Thomas T. Cullen, United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellant. Mark D. Haugh, HAUGH & PREAS, PLC, Marion, Virginia, for Appellee

Tredarius Keene. Thomas J. Bondurant, Jr., Monica Taylor Monday, GENTRY LOCKE RAKES & MOORE, Roanoke, Virginia; Jacqueline M. Reiner, JACQUELINE M. REINER, PLLC, Richmond, Virginia, for Appellee Javontay Holland. Seth C. Weston, LAW OFFICE OF SETH C. WESTON, PLC, Roanoke, Virginia, for Appellee Montez Allen.

BARBARA MILANO KEENAN, Circuit Judge:

This appeal requires us to interpret the text of 18 U.S.C. § 1959, which imposes criminal penalties for committing "violent crimes in aid of racketeering activity" (the VICAR statute). The VICAR statute defines prohibited conduct by reference to enumerated federal offenses, but also requires that the conduct be "in violation of the laws of any State or the United States." 18 U.S.C. § 1959. Relevant to this appeal, the defendants were charged under the VICAR statute in three counts with the enumerated federal offense of committing assault with a dangerous weapon, in violation of the Virginia prohibition against brandishing a firearm set forth in Virginia Code § 18.2-282 (Virginia brandishing).

Because the VICAR statute requires the commission of enumerated federal offenses as well as separate state or federal crimes, the defendants assert that we must apply the categorical approach articulated in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether Virginia brandishing is a "categorical match" to the enumerated federal offense of assault with a dangerous weapon. According to the defendants, if the Virginia offense "sweeps more broadly" than the enumerated federal offense, the crimes are not a categorical match and the defendants cannot be convicted of VICAR assault with a dangerous weapon based on Virginia brandishing. *See Omargharib v. Holder*, 775 F.3d 192, 196-97 (4th Cir. 2014). In the district court, the government agreed with the defendants that a comparison of the federal and state offenses was required without any consideration of the defendants' actual conduct. In accord with the parties' agreed view, the district court did not consider the defendants' conduct but instead applied the

categorical approach. The court concluded that Virginia brandishing was broader than the enumerated federal offense of assault with a dangerous weapon, and dismissed the three VICAR counts at issue.

Upon our review, we conclude that the portion of the VICAR statute before us is not subject to analysis under the categorical approach. Unlike numerous other statutory provisions, nothing in the statutory language at issue suggests that Congress intended an element-by-element comparison of the enumerated federal offense with the specified state offense. Nor do the underlying policy rationales for the categorical approach apply to the relevant text in the VICAR statute. Instead, the statutory language at issue requires only that a defendant's *conduct*, presently before the court, constitute one of the enumerated federal offenses as well as the charged state crime. We therefore reverse the decision of the district court, and remand for the court to reinstate the dismissed VICAR charges alleging Virginia brandishing.

I.

The defendants, Montez Allen, Javontay Holland, Tredarius Keene, and Jalen Terry, along with several other co-defendants, were charged in a 15-count indictment with various offenses related to their involvement in the Bloods gang in Danville, Virginia. In Counts 4, 8, and 14 of the indictment, the defendants were charged with committing violent crimes in aid of racketeering activity, in violation of 18 U.S.C. § 1959 (the VICAR-brandishing

counts).[1]  Those counts contained allegations that the defendants violated the VICAR statute by assaulting three victims with a dangerous weapon, which acts also violated the Virginia brandishing statute, Virginia Code § 18.2-282.  The indictment further alleged that the defendants committed these assaults by shooting or shooting at the victims with a firearm.

The defendants moved to dismiss the VICAR-brandishing counts, contending that the crime of Virginia brandishing did not "match" the enumerated federal offense of "assault with a dangerous weapon" in the VICAR statute.  Applying the categorical approach, the district court concluded that the crime of Virginia brandishing is broader than the offense of assault with a dangerous weapon under VICAR, because the federal assault crime requires as an element an intent or threat to inflict injury while Virginia brandishing does not.  The district court accordingly dismissed the VICAR-brandishing counts, and the government filed this interlocutory appeal.

II.

We review de novo the district court's decision dismissing the three counts in the indictment.  *United States v. Good*, 326 F.3d 589, 591 (4th Cir. 2003).  Encompassed within this de novo review is the question whether the categorical approach must be applied to the VICAR-brandishing counts, which presents an issue of statutory interpretation.  *United*

---

[1] The defendants also were charged with several other VICAR counts arising from murder and attempted murder under Virginia law.  Those counts are not at issue in this appeal.

*States v. Davis*, 139 S. Ct. 2319, 2327 (2019) (applicability of categorical approach is question of statutory interpretation); *United States v. Weaver*, 659 F.3d 353, 356 (4th Cir. 2011) (de novo review applies when construing a statute's language).

The VICAR statute provides in relevant part:

(a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, *assaults with a dangerous weapon*, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual *in violation of the laws of any State or the United States*,[2] or attempts or conspires so to do, shall be punished . . .

> (3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both.

18 U.S.C. § 1959 (emphasis added).

The VICAR statute complements the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 through 1968, by addressing the "particular danger posed by those . . . who are willing to commit violent crimes in order to bolster their positions within [racketeering] enterprises." *United States v. Ayala*, 601 F.3d 256, 266 (4th Cir. 2010). Accordingly, to establish that a defendant violated the VICAR statute, the government must prove: (1) the existence of a RICO enterprise; (2) that the enterprise was engaged in racketeering activity; (3) that the defendant "had a position in the enterprise;"

---

[2] Violations of both state and federal laws can serve as bases for a VICAR conviction. 18 U.S.C. § 1959. Because the defendants in the present case were charged with Virginia brandishing, for the sake of simplicity we refer throughout this opinion only to VICAR's requirement that a defendant's conduct violates state law.

(4) that the defendant committed one of the crimes specified in the VICAR statute, here, assault with a dangerous weapon, also constituting Virginia brandishing; and (5) that the defendant's purpose was "to maintain or increase his position in the enterprise." *United States v. Zelaya*, 908 F.3d 920, 926-27 (4th Cir. 2018) (citation and internal quotation marks omitted). The only element at issue in this appeal is the fourth element.

In the district court, both the government and the defendants argued that the VICAR statute requires a comparison of the definition of the enumerated federal offense, assault with a dangerous weapon, with the charged state offense, Virginia brandishing, without consideration of the defendants' conduct. The government now has changed course, arguing that the language of the VICAR statute does not indicate any basis for requiring a comparison of the elements of the federal and state offenses. Thus, the government presently maintains that a jury must find that the defendant's actual conduct constituted one of the enumerated federal offenses while also violating the state law charged in the indictment.

In response, the defendants contend that under Supreme Court precedent, whenever a federal statute refers to enumerated federal crimes and state crimes, a defendant violates the statute only if the elements of the state offense are equivalent to or narrower than the federal offense. Therefore, the defendants urge us to apply the categorical approach to the VICAR statute, and to conclude that Virginia brandishing may not serve as a predicate offense for the crime of assault with a dangerous weapon.

Initially, we observe that we are troubled by the government's failure to advance its current argument before the district court. The inconsistency of advocating one position

7

in the district court, and of reversing course on appeal, reflects poorly on the government in this case. Nevertheless, engaging in our required de novo review of the statutory language, we agree that the categorical approach does not apply to the relevant language in the VICAR statute.

A.

Before addressing the parties' arguments, we begin by discussing the principles underlying the categorical approach, an analytical tool used to determine whether a particular state or federal offense falls within a federal statutory definition. *See generally Descamps v. United States*, 570 U.S. 254 (2013). The categorical approach typically is used in considering prior convictions, and reflects the general principle that a defendant will not be subject to a detrimental legal consequence based on a past conviction unless courts can be certain that his prior offense satisfies the full contours of the federal requirement.[3] *See generally id.* at 266-74. Accordingly, this approach most often is used to evaluate whether a defendant, based on a prior conviction, qualifies for a federal sentencing enhancement or an immigration consequence. *See, e.g.*, *Moncrieffe v. Holder*, 569 U.S. 184 (2013); *Taylor*, 495 U.S. 575.

---

[3] Recently, the Supreme Court expanded application of the categorical approach beyond the context of prior convictions. In *Davis*, 139 S. Ct. 2319, the Court applied the categorical approach in interpreting the language of 18 U.S.C. § 924(c), which establishes a criminal offense when a person "uses or carries a firearm" "during and in relation to any crime of violence or drug trafficking crime." In its decision extending the categorical approach to the determination under Section 924(c) whether a currently charged crime constitutes a "crime of violence," the Court largely relied on its analysis of the identical term in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Davis*, 139 S. Ct. at 2326-29.

Under the categorical approach, courts "focus[] solely on the elements of the offense of conviction, comparing those to the commonly understood elements of the generic offense identified in the federal statute." *United States v. Price*, 777 F.3d 700, 704 (4th Cir. 2015); *see also Moncrieffe*, 569 U.S. at 190. A state offense is a "categorical match" to the federal crime only if "the elements comprising the statute of conviction [are] the same as, or narrower than, those of the generic offense." *Price*, 777 F.3d at 704.

The categorical approach arose from the Supreme Court's decision in *Taylor v. United States*, 494 U.S. 575 (1990), which addressed whether a defendant qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the ACCA), based on his prior state burglary conviction. The ACCA establishes a 15-year mandatory sentence for certain federal firearm offenses if the defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e). Focusing on the text and legislative history of the ACCA, the Supreme Court concluded that "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Taylor*, 495 U.S. at 600.

The Court in *Taylor* identified two sources of "practical difficulties and potential unfairness" that would result if courts examined a defendant's underlying conduct rather than the elements of the offense of which he was convicted. *Id.* at 601. Enhancing a defendant's sentence based on a judge's assessment of the defendant's prior criminal conduct would implicate his right to a jury trial and raise "serious Sixth Amendment concerns." *Descamps*, 570 U.S. at 269; *Taylor*, 495 U.S. at 601. And such a conduct-

9

based approach ordinarily would require sentencing courts to examine old court documents, which may be inaccurate or incomplete, to determine the factual basis for a defendant's prior conviction. *Descamps*, 570 U.S. at 270-71; *Taylor*, 495 U.S. at 601-02.

The Supreme Court has reiterated these rationales and has used the categorical approach in cases addressing a range of federal statutes. *See Davis*, 139 S. Ct. 2319 (addressing 18 U.S.C. § 924(c), which establishes a criminal offense when a person "uses or carries a firearm" "during and in relation to any crime of violence"); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (addressing 18 U.S.C. § 16, which defines the term "crime of violence" for general use in the federal criminal code); *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017) (addressing the aggravated felony of "sexual abuse of a minor" under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii)); *Descamps*, 570 U.S. 254 (addressing the ACCA); *Moncrieffe*, 569 U.S. 184 (addressing the aggravated felony of "illicit trafficking in a controlled substance" under the INA, 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii)).

Applying these principles, it is apparent that courts use the categorical approach because of the need to determine whether a state offense is "comparable" to a federal offense that is described generally. *See Moncrieffe*, 569 U.S. at 190. In contrast, the categorical approach is not applicable when statutory language lacks any textual cues demonstrating Congress' intent to examine generally the elements of an offense. *See Nijhawan v. Holder*, 557 U.S. 29, 38 (2009) (addressing the monetary loss threshold of the "fraud or deceit" offense in the INA, 8 U.S.C. §§ 1101(a)(43)(M)(i), 1227(a)(2)(A)(iii));

10

*Price*, 777 F.3d at 705, 708 (applying conduct-specific approach to provision of the Sex Offender Registration and Notification Act, 34 U.S.C. § 20911(1), (7)(I)).

B.

Given this precedent, we review the relevant language of the VICAR statute as our "first and foremost guide" in determining whether the categorical approach is applicable to crimes charged under that statute. *United States v. Simms*, 914 F.3d 229, 240 (4th Cir. 2019) (en banc); *see also Davis*, 139 S. Ct. at 2327; *cf. Shular v. United States*, 140 S. Ct. 779, 784-86 (2020) (considering "natural" reading of definition of "serious drug offense" under ACCA to determine which method of categorical approach to apply, and concluding that Congress "opt[ed] . . . for language suited to conduct"). As an initial matter, we observe that in addition to murder, kidnapping, maiming, and two types of assault, the VICAR statute also prohibits the act of "threaten[ing] to commit a *crime of violence*" in violation of a state or federal law. 18 U.S.C. § 1959 (emphasis added). Because the defendants have not been charged under this language of VICAR involving a "crime of violence," we need not, and do not, consider whether the categorical approach would apply in an analysis of that statutory term. Instead, we focus on the specific language of VICAR under which the defendants were charged, which provides:

> Whoever . . . assaults with a dangerous weapon . . . in violation of the laws of any State or the United States . . . shall be punished . . . .

18 U.S.C. § 1959.

Nothing in this language suggests that the categorical approach should be used to compare the enumerated federal offense of assault with a dangerous weapon with the state

11

offense of Virginia brandishing. In fact, the most natural reading of the statute does not require any comparison whatsoever between the two offenses. By using the verb "assaults" in the present tense, the language requires that a defendant's presently charged conduct constitute an assault under federal law, while simultaneously also violating a state law.[4] The VICAR statute includes no language suggesting that *all* violations of a state law also must qualify as the enumerated federal offense, a result that would be required under the categorical approach.

Notably, the VICAR language under which the defendants were charged contains none of the words or phrases that have triggered use of the categorical approach in other federal statutes. In the clearest example, courts have applied the categorical approach when a statute refers to the "elements" of a state offense. *See*, *e.g.*, *Taylor*, 495 U.S. at 600; *Simms*, 914 F.3d at 233. In the context of the INA, the "relevant statutory hook" for the categorical approach is the statute's reference to the alien's "conviction," rather than to the "acts" the person committed. *Moncrieffe*, 569 U.S. at 191 (citation omitted); *see also Dimaya*, 138 S. Ct. at 1217. The justification for applying the categorical approach to the term "conviction" is apparent, because that term necessarily encompasses the elements of

---

[4] The Supreme Court in *Davis* briefly noted that the use of the present tense phrase "by its nature *involves* a substantial risk that physical force . . . may be used" supported the conclusion that a categorical analysis should apply to Section 924(c). *Davis*, 139 S. Ct. at 2335 (emphasis added). In contrast to this description, the VICAR statute refers to the commission of the prohibited conduct in the present tense, rather than to whether the "nature" of that conduct presently involves substantial risk. Under these circumstances, the present tense verb counsels against application of the categorical approach.

the crime at issue covering the full range of prohibited conduct, without reference to the specific conduct in which the defendant engaged.

As discussed above, the Supreme Court has identified other similar terms, including "felony" and "offense," that also "are read naturally to denote the crime as *generally* committed." *Dimaya*, 138 S. Ct. at 1217 (citation and quotation marks omitted); *see also Davis*, 139 S. Ct. at 2328-29 (reading the term "offense" in Section 924(c) as referring to "a generic crime . . . in general" (citation omitted)); *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) (when a statute refers to the "offense" of conviction, courts "look to the elements and the nature of the offense of conviction, rather than to the particular facts" of a person's crime). And when a statute refers to the "nature" of an "offense," we also consider that offense categorically, by evaluating what the crime "normally . . . entails, not what happened to occur on one occasion."[5] *Davis*, 139 S. Ct. at 2329 (quoting *Dimaya*, 138 S. Ct. at 1217-18); *see also Simms*, 914 F.3d at 241. Thus, categorical terms such as "offense," "elements," and "conviction" appear in a variety of statutory contexts, and the use of such terms signals Congress' intent to disregard a defendant's actual conduct, and instead to examine the elements of an offense generally.

---

[5] We observe that some statutes, including the ACCA and Section 924(c), specify multiple ways a federal definition may be satisfied, such as requiring the use of force as an element of the offense, enumerating "generic" crimes like burglary and arson which must "match" the predicate offense, or by requiring an assessment of the potential risk posed by a predicate offense (a so-called "residual clause"). *See* 18 U.S.C. § 924(c), (e). Regardless of the type of clause, however, courts rely on statutory language signaling that offenses should be treated categorically before applying that approach.

In contrast, the language of the VICAR provision under which the defendants were charged is entirely devoid of *any* words or phrases arguably signaling such Congressional intent. We decline to apply the categorical approach based only on the charging of a federal offense of assault with a dangerous weapon in combination with a state offense, without any indication that we should conduct an elements-based analysis of either offense. To the contrary, the VICAR statute's use of the present-tense verb "assaults," without additional reference to an "offense," "conviction," "felony," the "elements" of assault, or any other categorical term, indicates that Congress did not intend for us to "disregard how the defendant[s] actually committed [their] crime[s]." *Davis*, 139 S. Ct. at 2326. Rather, under the plain language of the VICAR statute, a defendant may be convicted when, by his conduct, he "assaults" another person with a dangerous weapon "in violation of" the state law charged in the indictment. This unambiguous statutory language precludes application of a formalistic, overinclusive categorical approach, and instead holds defendants accountable for their actual conduct as presented to a jury.

We also observe that the practical and constitutional concerns underlying the categorical approach are not present here. Because the VICAR language under which the defendants were charged refers only to presently charged conduct, courts are not required to reconstruct the facts underlying previous convictions. *See Descamps*, 570 U.S. at 270-71; *Taylor*, 495 U.S. at 601. And the jury, not the judge, will determine whether the defendant committed the offenses charged in the indictment, eliminating any Sixth Amendment concerns. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013); *see also Descamps*, 570 U.S. at 269; *Taylor*, 495 U.S. at 601. Although these considerations are

not dispositive of our inquiry, *see Davis*, 139 S. Ct. at 2327; *Simms*, 914 F.3d at 240, in their absence, we are confident that we need not apply the categorical approach to protect the defendants' rights under the VICAR statute.

Despite its seemingly ubiquitous presence, we apply the categorical approach only when the text of a statute signals the need for such an elements-based approach. *See United States v. Pena*, 952 F.3d 503, 508 n.4 (4th Cir. 2020) (explaining that the categorical approach is "not a default rule of statutory construction," and we apply the approach only "when compelled to do so" by the statutory text). We will not employ this approach, a judicially created construct, in a manner contrary to "Congress' manifest purpose." *See United States v. Hayes*, 555 U.S. 415, 427 (2009). Reading the language of the VICAR statute under which the defendants were charged, we conclude that Congress intended for individuals to be convicted of VICAR assault with a dangerous weapon by engaging in conduct that violated both that enumerated federal offense as well as a state law offense, regardless whether the two offenses are a categorical "match." Here, before convicting a defendant, a jury must find that he engaged in the conduct alleged in the indictment, namely, assaulting the named victim with a dangerous weapon in violation of the Virginia brandishing statute. We therefore hold that the district court erred in dismissing the VICAR-brandishing counts.

III.

For these reasons, we reverse the district court's decision dismissing Counts 4, 8, and 14 of the indictment. We remand the case for the district court to reinstate these counts and to conduct further proceedings consistent with the principles expressed in this opinion.

*REVERSED AND REMANDED*